IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM B. LEONARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:18-CV-985-WHA ) [WO] |
| RUSSELL COUNTY SHERIFF OFFICE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

William Leonard, an inmate incarcerated at the Russell County Jail, brings this 42 U.S.C. § 1983 action against Deputy Sheriff S. Parker and the Russell County Sheriff's Office. Plaintiff alleges Defendant Parker subjected him to an excessive use of force.  Upon review, the court concludes Plaintiff's complaint against the Russell County Sheriff's Office is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### II. DISCUSSION

Plaintiff names the Russell County Sheriff's Office as a defendant. The law is settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this case. Doc. 3. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). In light of the foregoing, it is clear that the Russell County Sheriff's Office is not a legal entity subject to suit, and it is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Russell County Sheriff's Office be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Russell County Sheriff's Office be DISMISSED as a defendant.

3. This case with respect to Plaintiff's claims against the remaining defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **December 13, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 29th day of November, 2018.

                                     /s/ Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE