IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. LEONARD, #317 373, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-CV-985-CSC |
| | ) | [WO] |
| DEPUTY SHERIFF S. PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff, William Leonard, an inmate incarcerated at the Russell County Detention Center in Phenix City, Alabama, when he initiated this *pro se* 42 U.S.C. § 1983 action,[2] brings suit against Defendant Stephon Parker for an alleged use of excessive force which occurred at the Russell County Courthouse.[3] Leonard names as the defendant Stephon Parker, a Deputy Sheriff with the Russell County Sheriff's Department. For relief, Leonard requests damages and that Parker be reprimanded or fired. Doc. 1.

Parker filed a special report and supporting evidentiary materials addressing Leonard's claims for relief. In these documents, Parker denies he acted in violation of Leonard's constitutional rights. Parker further argue this case is due to be dismissed because prior to filing

---

[1] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." *See* Doc. 15.

[2] During the pendency of this action Leonard was transferred to the custody of the Alabama Department of Corrections.

[3] At the time the actions about which Leonard complains occurred, he was incarcerated at the Russell County Jail and had been escorted to the Russell County Courthouse for a court appearance. Defendant Parker was working a security detail at the courthouse at the time the incident about which Leonard complains occurred. Doc. 12-1.

this cause of action Leonard failed to properly exhaust the administrative remedy available to him at the Russell County Jail regarding the claims presented in the complaint. Doc. 12 at 6–8. Parker bases his exhaustion defense on Leonard's failure to follow the available required administrative procedures at the Russell County Jail regarding the claims presented. *Id.*

The court provided Leonard an opportunity to file a response to Parker's special report in which he was advised, among other things, to address Parker's argument that "he failed to fully exhaust his administrative remedies available at the Russell County Jail as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 12 at 1 (footnote omitted). The order advised Leonard his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 3. This order further cautioned Leonard that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id.* at 3–4. Leonard has filed no response to the order within the time allowed by the court.

Pursuant to the February 15, 2019, order, the court deems it appropriate to treat the report filed by Parker as a motion to dismiss regarding the exhaustion defense and resolve this motion in his favor. *Bryant v. Rich*, 530 F.3d 1368, 1374–1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534

(11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

## I. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the Leonard's and the defendants' versions of the facts, and if they conflict, take the Leonard's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 Fed. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-Plaintiff's argument

3

that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

## II. DISCUSSION

Leonard, an inmate previously confined at the Russell County Jail, alleges Parker subjected him to excessive force during a court appearance in the Russell County Courthouse. Parker denies Leonard's allegations and maintains this case is subject to dismissal because Leonard failed to exhaust the administrative remedy provided at the Russell County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). As explained, federal law directs this court to treat Parker's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all

4

'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought– monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, ___U.S. ___, ___, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *Bryant*,

5

530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed the Russell County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Docs. 12-5, 12-10. Parker's unrefuted evidentiary materials reflect Leonard had access to the grievance procedure while confined in the Russell County Jail. The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters occurring during their incarceration at the jail. Doc. 12-5, 12-10. Inmates submit a grievance on an electronic kiosk which has a tab specifically for this purpose. Either the jail administrator or the assistant detention director reviews the inmate grievance and provides a response. If the inmate is dissatisfied with the response, he may appeal up the chain of command to the Sheriff for his personal review and response. Defendant's evidence reflects Leonard filed grievances during his incarceration at the county jail but failed to appeal any responses. Docs. 12-5, 12-11.

The court granted Leonard an opportunity to respond to the exhaustion defense raised by Parker in in his motion to dismiss. *See* Doc. 14. Leonard has filed no response. Without any stated opposition, and on the record before it, the court finds Leonard had an available grievance

system at the Russell County Jail, but he failed to exhaust the administrative remedy available to him. Leonard does not dispute his failure to exhaust the grievance procedure regarding the subject about which he complains, and the unrefuted record before the court demonstrates he failed to exhaust the administrative remedy available to him at the facility regarding his allegations prior to seeking federal relief, a precondition to proceeding in this court on his claims. It is likewise clear the administrative remedy is no longer available to Leonard as he is no longer confined at the Russell County Jail. Dismissal with prejudice is, therefore, appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157*; Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

Accordingly, it is ORDERED that:

1. Defendant's motion to dismiss (Doc. 12) is GRANTED to the extent he seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him during his confinement at the Russell County Jail prior to initiating this cause of action.

2. This case is DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Russell County Jail.

3. No costs are taxed.

A separate Final Judgment will be entered.

Done, this 9th day of May 2019.

   /s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE